IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NAEEM AHMAD,

       Plaintiff,                        No. 2:12-cv-1331 MCE CKD PS

    vs.

COUNTRYWIDE HOME
LOANS, INC., et al.,

       Defendants.              FINDINGS AND RECOMMENDATIONS

                                /

         Defendants' motion to dismiss is pending before the court. Plaintiff filed a belated opposition. The court thereafter submitted the matter on the papers. Upon review of the documents in support and opposition, and good cause appearing, THE COURT FINDS AS FOLLOWS:

         In this action, plaintiff alleges claims arising out of a purchase money loan for property located in Elk Grove, California. Complaint ¶¶ 1, 5. The loan was originated on September 20, 2004. This action was commenced May 17, 2012. Plaintiff alleges claims under the Truth in Lending Act ("TILA"), 15 U.S.C. 1601 et seq., the California Rosenthal Unfair Debt Collections Practices Act ("Rosenthal Act"), California Unfair Competition Law ("UCL"), Business and Profession Code § 17200 et seq., negligent misrepresentation, fraud, and the

/////

1

1  Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.  Defendants move to
2  dismiss.
3           In considering a motion to dismiss for failure to state a claim upon which relief
4  can be granted, the court must accept as true the allegations of the complaint in question,
5  Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the pleading in the light most
6  favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).
7           In order to avoid dismissal for failure to state a claim a complaint must contain
8  more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements
9  of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other
10 words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
11 statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a
12 claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.
13 "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to
14 draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129
15 S. Ct. at 1949.
16          A motion to dismiss pursuant to Rule 12(b)(6) may also challenge a complaint's
17 compliance with Federal Rule of Civil Procedure 9(b) where fraud is an essential element of a
18 claim.  See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003).  Rule 9(b),
19 which provides a heightened pleading standard, states: "In alleging fraud or mistake, a party must
20 state with particularity the circumstances constituting fraud or mistake.  Malice, intent,
21 knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P.
22 9(b).  These circumstances include the "'time, place, and specific content of the false
23 representations as well as the identities of the parties to the misrepresentations.'"  Swartz v.
24 KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (per curiam) (quoting Edwards v. Marin Park,
25 Inc., 356 F.3d 1058, 1066 (9th Cir. 2004)); see also Kearns v. Ford Motor Co., 567 F.3d 1120,
26 1124 (9th Cir. 2009) ("Averments of fraud must be accompanied by 'the who, what, when,

where, and how' of the misconduct charged"). "Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." Kearns, 567 F.3d at 1124.

Defendants contend plaintiff's first cause of action under TILA is barred by the statute of limitations. The loan underlying this action originated on September 20, 2004. Complaint ¶ 13. This action was filed on May 17, 2012. Plaintiff's TILA claim is predicated on the alleged failure to make appropriate disclosures at the time of origination of the loan. The TILA cause of action is barred by the one year statute of limitation (15 U.S.C. § 1640(e)) and any claim for rescission is similarly barred by the three year statute (15 U.S.C. § 1635(f)). See Meyer v. Ameriquest Mortgage Co., 342 F.3d 899, 902 (9th Cir. 2003) (plaintiff has opportunity to discovery TILA violation at origination of loan or at time plaintiff has possession of loan documents). Moreover, because the loan at issue is a purchase money loan,[1] the TILA rescission provisions are inapplicable. 15 U.S.C. § 1635(e)(1).

In plaintiff's second cause of action, a claim under the Rosenthal Act is alleged based on the foreclosure of plaintiff's property. This claim cannot lie in that foreclosing on a home does not constitute debt collection under the Act. Izenberg v. ETS Services, LLC, 589 F.Supp.2d 1193, 1199 (C.D. Cal. 2008); see also Keen v. American Home Mtg. Servicing, Inc., 664 F.Supp.2d 1086, 1095 (E.D. Cal. 2009); Rosal v. First Federal Bank of California, 671 F.Supp.2d 1111, 1135 (N.D. Cal. 2009) (foreclosing on property pursuant to deed of trust not debt collection within meaning of Rosenthal Act); see also Cal. Civ. Code §§ 1788.13, 2924(b) (foreclosure on a property is not debt collection activity encompassed by the Rosenthal Act).

With respect to the fraud and misrepresentation claims, plaintiff's allegations do not meet the specificity pleading requirements of Federal Rule of Civil Procedure 9(b). In a

---

[1] Plaintiff alleges the loan at issue was a purchase money loan. Complaint ¶ 13.

3

conclusory fashion, plaintiff alleges that he was induced into taking out the loan by false representations that the monthly mortgage payments would be lower and that he would be able to refinance the loan within three months.  Plaintiff cannot plead justifiable reliance since the terms of the loan were known at the time plaintiff signed the loan documents.  Moreover, any claims predicated on allegedly false representations made at the time of origination are barred by the statute of limitations.  Cal. Code Civ. P. 338 (statute of limitations three years for fraud cause of action).  Plaintiff also bases his fraud and misrepresentation claims on the allegation that defendants did not have authority to foreclose.  Plaintiff sets forth none of the "who, what, when, where, and how" of the misconduct giving rise to these claims.  Plaintiff's opposition does not suggest he could cure these deficiencies and has presented no argument which would suggest amendment of these claims would be anything other than futile.

Plaintiff also alleges a claim under the UCL, California Business and Professions Code § 17200.  A claim under the UCL must rest on a violation of some independent substantive statute, regulation or case law.  See Farmers Ins. Exch. v. Superior Court, 2 Cal. 4th 377, 383 (1992) (action under section 17200 borrows violations of other laws); see also Khoury v. Maly's of Cal., Inc., 14 Cal. App. 4th 612, 619 (1993) (plaintiff must state with reasonable particularity the facts supporting statutory elements of violation of UCL).  Because the UCL claim is predicated on the same conduct giving rise to plaintiff's causes of action under TILA, the Rosenthal Act, and fraud/misrepresentation, all of which are subject to dismissal, the UCL claim fails as well.  See generally Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co., 20 Cal. 4th 163, 180 (1999) (claim under "unfair" prong of UCL requires conduct threatening incipient violation of antitrust laws); Krantz v. BT Visual Images, LLC, 89 Cal. App. 4th 164, 178 (2001) (violation under "unlawful" prong of UCL requires underlying violation of law); Perdiguerra v. Meridas Capital, Inc., 2010 WL 395932 at *8 (N.D. Cal. Feb. 1, 2010) (claim under "fraudulent" prong of UCL requires showing of reliance and heightened particularity standard required for fraud).

4

1    Plaintiff's sixth cause of action alleges a claim under the ADA on the basis of his hearing impairment. The Americans with Disabilities Act prevents discrimination on the basis of disability "in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a). To prevail on an ADA Title III discrimination claim, "the plaintiff must show that (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007); see also Weyer v. Twentieth Century Fox Film Corp., 198 F.3d 1104, 1114 (9th Cir. 2000) ("place of public accommodation" requires "some connection between the good or service complained of and an actual physical place"). Under the statute, a place of public accommodation must take necessary steps to ensure that hearing-impaired individuals are not "excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services," unless such steps would result in an undue burden or fundamental alteration in the nature of the good, service, facility or privilege. 42 U.S.C. § 12182(b)(2)(A)(iii). The regulations that implement these provisions state that "[a] public accommodation shall furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities." 28 C.F.R. § 36.303(c). The regulations further provide that with respect to telecommunications, "when a public accommodation uses an automated-attendant system, including but not limited to, voicemail and messaging . . . that system must provide effective real-time communication with individuals using auxiliary aids and services. . . ." 28 C.F.R. § 36.303(d)(1). However, a public accommodation is not required "to use a TTY for receiving or making telephone calls incident to its operations." 28 C.F.R. § 36.303(d)(5).

    Plaintiff alleges that the failure to list TTY, TTD or email addresses for hearing disabled customers on the monthly loan statements and correspondence from defendants is a

5

failure to accommodate effective communication. Complaint ¶ 90. In the opposition to the pending motion, plaintiff again asserts that the simple failure to list a TTY/TDD number on any of the correspondence plaintiff received from defendants is a violation of the ADA. Under the governing regulations, plaintiff's ADA claim predicated solely on the failure to list a TTY number cannot stand. The issue is whether plaintiff can sufficiently allege a denial of services resulting from the defendants' failure to provide appropriate auxiliary aids and services, where those aids and services were necessary to ensure effective communication. Plaintiff's briefing does not indicate whether plaintiff in fact attempted to contact defendants and was denied access because of his hearing impairment. Because amendment may not be futile, leave to amend this claim should be granted.

Also named as a defendant in this action is American Pacific Mortgage Corp.[2] There is no evidence on the docket that this defendant has been served with summons. The court finds dismissal of this remaining defendant is warranted. "A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981). "Such a dismissal may be made without notice where the [plaintiffs] cannot possibly win relief." Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987). The court's authority in this regard includes sua sponte dismissal as to defendants who have not been served and defendants who have not yet answered or appeared. Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery, 44 F.3d 800, 802 (9th Cir. 1995) ("We have upheld dismissal with prejudice in favor of a party which had not yet appeared, on the basis of facts presented by other defendants which had appeared."); see also Bach v. Mason, 190 F.R.D. 567, 571 (D. Idaho 1999); Ricotta v. California, 4 F. Supp. 2d 961, 978-79 (S.D. Cal. 1998). Here, the claims against the remaining

---

[2] In the complaint, this defendant is referred to as "APF." See Complaint, ¶ 2.

defendant are the same as against the moving defendants.[3]  The discussion above relating to dismissal of plaintiff's claims under the Truth in Lending Act, Rosenthal Fair Debt Collection Practices Act, Violation of Business and Professions Code § 17200, negligent misrepresentation, and fraud is equally applicable to this defendant.  Moreover, this action was filed May 17, 2012.  Plaintiff was cautioned in the order setting status conference that this action might be dismissed if service of process was not accomplished within 120 days from the date that the complaint was filed.  More than 120 days have passed, and there is no evidence that defendant APF has been timely served with summons.  This defendant should therefore be dismissed.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The motion to dismiss (dkt. no. 7) be granted with respect to the claims under the Truth in Lending Act, Rosenthal Fair Debt Collection Practice Act, Violation of Business and Professions Code § 17200, negligent misrepresentation, and fraud.

2. The motion to dismiss be granted with leave to amend the claim under the Americans with Disabilities Act within thirty days of adoption of these findings and recommendation; and

3. Defendant American Pacific Mortgage Corporation be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

---

[3] In the fourth cause of action for negligent misrepresentation, plaintiff pleads "Count 1" solely against defendant APF.  Plaintiff alleges APF made negligent misrepresentations made at the time of origination of the loan.  The complaint alleges the loan originated on September 20, 2004.  Complaint ¶ 13.  This action was filed almost eight years later on May 17, 2012.  Any claim for negligent misrepresentation is barred by the statute of limitations.  Cal. Code Civ. P. § 335.1 (two year statute of limitations for negligence); see also Cal. Code Civ. P. § 338 (three year statute of limitations for fraud).

1 within the specified time may waive the right to appeal the District Court's order. Martinez v.
2 Ylst, 951 F.2d 1153 (9th Cir. 1991).

 Dated: November 20, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4
ahmad1331.mtd