UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAEEM AHMED,<br><br>        Plaintiff,<br><br>    v.<br><br>COUNTRYWIDE HOME LOANS, INC., et al.,<br><br>        Defendants. | No. 2:12-cv-01331-MCE-CKD PS<br><br><br><br>**ORDER** |

Plaintiff, proceeding pro se, brought this action seeking redress for a litany of statutory and common law violations arising from the origination of his home mortgage and subsequent foreclosure proceedings. Presently before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 7.)

This matter was referred to a United States Magistrate Judge pursuant to Local Rule 302(c). On November 20, 2012, the Magistrate Judge filed findings and recommendations herein (ECF No. 20), which were served on the parties and which contained notice to the parties that any objections to the findings and recommendations were to be filed within fourteen days. Plaintiff filed objections to the findings and recommendations. (ECF No. 21.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds that the findings and recommendations should be adopted in part and rejected in part.

First, the Magistrate Judge has concluded that Plaintiff's Complaint, as pled, fails to state a viable claim for relief under the Americans with Disabilities Act, Truth in Lending Act, Rosenthal Fair Debt Collection Practice Act, Violation of California's Business and Professions Code § 17200, negligent representation and fraud. The Court finds the Magistrate Judge's findings and recommendations in this respect to be supported by the record and proper analysis and accordingly adopts them.

Second, the Magistrate Judge concluded that Plaintiff should be afforded leave to amend his ADA claim but denied leave to amend with respect to Plaintiff's remaining claims after finding that such leave to amend would be futile. This Court disagrees. As the Supreme Court explained, leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." Foman v. Davis, 371 U.S. 178, 182 (1962). If a plaintiff fails to state a claim, "[l]eave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts, and should be granted more liberally to pro se plaintiffs." Ramirez v. Galaza, 334 F.3d 850, 861 (9th Cir. 2003) (internal quotations omitted). In his objections to the Magistrate Judge's findings and recommendations, Plaintiff specifically asked the Court to grant him leave to amend and suggested that he could cure the complaint's deficiencies by alleging additional facts. In light of the liberal standard for granting leave to amend, the Court concludes that Plaintiff should be afforded leave to amend his complaint and thus rejects the Magistrate Judge's recommendation to the contrary.

///

///

Finally, the Magistrate Judge <u>sua sponte</u> dismissed Plaintiff's claims against Defendant American Pacific Mortgage Corp.[1] The Magistrate Judge articulated two reasons for such dismissal: (1) Plaintiff failed to state a claim for relief against APF; and (2) Plaintiff failed to serve APF within 120 days from the date he had filed the complaint in this action. Because the Court has granted Plaintiff leave to amend his complaint, dismissal of APF from this action on the basis of Plaintiff's failure to state a claim is premature.

As to Plaintiff's failure to effect timely service of process, the Court finds that Plaintiff should be afforded additional time to serve Defendant APF before dismissing APF from this action. Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The 120-day time period prescribed by Rule 4(m) expires 120 days after the first complaint naming the defendant is filed. <u>Rudolph v. UT Starcom, Inc.</u>, 2009 WL 248370, at *2 (N.D. Cal. Feb. 2, 2009); <u>see</u> <u>also</u> <u>Bolden v. City of Topeka</u>, 441 F.3d 1129, 1148 (10th Cir.2006) ("[T]he 120-day period provided by Rule 4(m) is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint.").

Here, more than 120 days have passed since Plaintiff filed his operative complaint naming Defendant APF,[2] and there is no evidence that Plaintiff has served APF. However, in his objections to the Magistrate Judge's findings and recommendations, Plaintiff has stated that his failure to serve APF was due, in part, to a "sudden life threatening illness and subsequent long period of recovery." (ECF No. 21, at 16.)

---

[1] In the Complaint, this Defendant is referred to as "APF." (Compl. ¶ 2.)

[2] Plaintiff filed the operative Complaint on May 17, 2012. (ECF No. 1.)

In fact, in July of 2012, Plaintiff requested, and Defendants stipulated to, a two-month continuance of the hearing date on Defendants' Motion to Dismiss after Plaintiff had suffered a heart attack. (ECF Nos. 11, 12.) Given Plaintiff's medical issues, the Court finds it appropriate to extend the time for service of process on Defendant American Pacific Mortgage Corp. See Efaw v. Williams, 473 F.3d 1038, 1040-41 (9th Cir. 2007) ("District courts have broad discretion to extend time for service under Rule 4(m).").

Accordingly, IT IS HEREBY ORDERED that:

1. The Magistrate Judge's findings and recommendations (ECF No. 20) are ADOPTED IN PART AND REJECTED IN PART.

2. Defendants' Motion to Dismiss (ECF No. 7) is GRANTED WITH LEAVE TO AMEND.

3. Plaintiff is directed to file an amended complaint within twenty (20) days from the date this Order is electronically filed addressing the issues set forth in this order. If no amended complaint is filed within said twenty (20) days, this action will be dismissed without leave to amend and without any further notice from the Court, and the Clerk of the Court will be directed to close the file.

4. Plaintiff shall have sixty (60) days from the date this Order is electronically filed in which to serve process on Defendant American Pacific Mortgage Corp.

IT IS SO ORDERED.

DATED: January 29, 2013

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT JUDGE