UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAEEM AHMAD,<br><br>            Plaintiff,<br><br>    v.<br><br>COUNTRYWIDE HOME LOANS, INC. et al.,<br><br>            Defendants. | No.  2:12-cv-1331 MCE CKD PS<br><br>FINDINGS AND RECOMMENDATIONS |

Defendants' motion to dismiss came on regularly for hearing May 8, 2013.  Plaintiff Naeem Ahmad appeared in propria persona.[1]  Alice Choy appeared telephonically for defendants. Upon review of the documents in support and opposition, upon hearing the arguments of plaintiff and counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

In this action, plaintiff alleges claims arising out of a purchase money loan for property located in Elk Grove, California.  The loan was originated on September 20, 2004.  This action was commenced May 17, 2012.  In the original complaint, plaintiff alleged claims under the Truth in Lending Act ("TILA"), 15 U.S.C. 1601 et seq., the California Rosenthal Unfair Debt Collections Practices Act ("Rosenthal Act"), California Unfair Competition Law ("UCL"),

---

[1] Plaintiff was accompanied by his brother who provided assistance for plaintiff's hearing impairment.

1

Business and Profession Code § 17200 et seq., negligent misrepresentation, fraud, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. Defendants filed a motion to dismiss; that motion was granted with leave to amend as to all claims. See ECF No. 22. Plaintiff filed an amended complaint. The amended complaint alleges the same claims as in the original complaint and alleges two additional claims under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2603, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.[2] Defendants have again moved to dismiss. Defendants argue that the amended complaint does not plead additional allegations sufficient to overcome the defects found in the original complaint. That contention is well taken.

In considering a motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the pleading in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

A motion to dismiss pursuant to Rule 12(b)(6) may also challenge a complaint's compliance with Federal Rule of Civil Procedure 9(b) where fraud is an essential element of a

---

[2] An additional defendant, Bayview Loan Servicing, LLC is named in the amended complaint. Defendant Bayview has not yet been served. The amended complaint also named American Pacific Mortgage Corporation DBA American Pacific Funding as a defendant. This defendant was named in the original complaint. By order filed February 1, 2013, plaintiff was granted an additional sixty days to serve defendant Pacific Mortgage. That time has now expired and the docket indicates no service of summons on this defendant.

claim. See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003). Rule 9(b), which provides a heightened pleading standard, states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). These circumstances include the "'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (per curiam) (quoting Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004)); see also Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009) ("Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged"). "Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." Kearns, 567 F.3d at 1124.

Plaintiff has realleged in the amended complaint the claims he raised in the original complaint. Defendants contend plaintiff's second cause of action under TILA is barred by the statute of limitations.[3] The loan underlying this action originated on September 29, 2004. Amended Complaint ¶ 17. This action was filed on May 17, 2012. Plaintiff's TILA claim is predicated on the alleged failure to make appropriate disclosures at the time of origination of the loan. The TILA cause of action is barred by the one year statute of limitation (15 U.S.C. § 1640(e)) and any claim for rescission is similarly barred by the three year statute (15 U.S.C. § 1635(f)). See Meyer v. Ameriquest Mortgage Co., 342 F.3d 899, 902 (9th Cir. 2003) (plaintiff has opportunity to discover TILA violation at origination of loan or at time plaintiff has possession of loan documents). Moreover, because the loan at issue is a purchase money loan,[4] the TILA rescission provisions are inapplicable. 15 U.S.C. § 1635(e)(1).

/////

---

[3] Equitable tolling cannot be applied because plaintiff knew about the terms of the loan as soon as he had to make payments that were higher than the payments to which he thought he had agreed.

[4] Plaintiff alleges the loan at issue was a purchase money loan. Amended Complaint ¶ 17.

3

With respect to the fraud and misrepresentation claims, plaintiff's allegations do not meet the specificity pleading requirements of Federal Rule of Civil Procedure 9(b). In a conclusory fashion, plaintiff alleges that he was induced into taking out the loan by false representations that the monthly mortgage payments would be lower and that he would be able to refinance the loan within three months. Plaintiff cannot plead justifiable reliance since the terms of the loan were known at the time plaintiff signed the loan documents. Moreover, any claims predicated on allegedly false representations made at the time of origination are barred by the statute of limitations. Cal. Code Civ. P. § 338 (statute of limitations three years for fraud cause of action). Plaintiff also bases his fraud and misrepresentation claims on the allegation that defendants did not have authority to foreclose. Plaintiff sets forth none of the "who, what, when, where, and how" of the misconduct giving rise to these claims. Plaintiff's opposition does not suggest he could cure these deficiencies and has presented no argument which would suggest amendment of these claims would be anything other than futile.

Plaintiff also alleges a claim under the UCL, California Business and Professions Code § 17200. A claim under the UCL must rest on a violation of some independent substantive statute, regulation or case law. See Farmers Ins. Exch. v. Superior Court, 2 Cal. 4th 377, 383 (1992) (action under section 17200 borrows violations of other laws); see also Khoury v. Maly's of Cal., Inc., 14 Cal. App. 4th 612, 619 (1993) (plaintiff must state with reasonable particularity the facts supporting statutory elements of violation of UCL). Because the UCL claim is predicated on the same conduct giving rise to plaintiff's other causes of action, all of which are subject to dismissal, the UCL claim fails as well. See generally Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co., 20 Cal. 4th 163, 180 (1999) (claim under "unfair" prong of UCL requires conduct threatening incipient violation of antitrust laws); Krantz v. BT Visual Images, LLC, 89 Cal. App. 4th 164, 178 (2001) (violation under "unlawful" prong of UCL requires underlying violation of law); Perdiguerra v. Meridas Capital, Inc., 2010 WL 395932 at *8 (N.D. Cal. Feb. 1, 2010) (claim under "fraudulent" prong of UCL requires showing of reliance and heightened particularity standard required for fraud).

/////

1    Plaintiff's seventh cause of action alleges a claim under the ADA on the basis of his
2 hearing impairment.  The Americans with Disabilities Act prevents discrimination on the basis of
3 disability "in the full and equal enjoyment of the goods, services, facilities, privileges,
4 advantages, or accommodations of any place of public accommodation."  42 U.S.C. § 12182(a).
5 To prevail on an ADA Title III discrimination claim, "the plaintiff must show that (1) she is
6 disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or
7 operates a place of public accommodation; and (3) the plaintiff was denied public
8 accommodations by the defendant because of her disability."  Molski v. M.J. Cable, Inc., 481
9 F.3d 724, 730 (9th Cir. 2007); see also Weyer v. Twentieth Century Fox Film Corp., 198 F.3d
10 1104, 1114 (9th Cir. 2000) ("place of public accommodation" requires "some connection between
11 the good or service complained of and an actual physical place").  Under the statute, a place of
12 public accommodation must take necessary steps to ensure that hearing-impaired individuals are
13 not "excluded, denied services, segregated or otherwise treated differently than other individuals
14 because of the absence of auxiliary aids and services," unless such steps would result in an undue
15 burden or fundamental alteration in the nature of the good, service, facility or privilege.  42
16 U.S.C. § 12182(b)(2)(A)(iii).  The regulations that implement these provisions state that "[a]
17 public accommodation shall furnish appropriate auxiliary aids and services where necessary to
18 ensure effective communication with individuals with disabilities."  28 C.F.R. § 36.303(c).  The
19 regulations further provide that with respect to telecommunications, "when a public
20 accommodation uses an automated-attendant system, including but not limited to, voicemail and
21 messaging . . . that system must provide effective real-time communication with individuals using
22 auxiliary aids and services. . . ."  28 C.F.R. § 36.303(d)(1).  However, a public accommodation is
23 not required "to use a TTY for receiving or making telephone calls incident to its operations."  28
24 C.F.R. § 36.303(d)(5).

25    Although plaintiff alleges that he is disabled due to a hearing disability, he fails to allege
26 facts sufficient to establish a claim under Title III of the ADA.  Defendants do not come within
27 the statutory definition of "public accommodation" which is limited to "facilities."  See 28 C.F.R.
28 § 3.104.  The regulations describing such facilities are limited to physical structures or locations,

5

such as a place of lodging, a restaurant, motion picture house, auditorium, bakery or grocery store, laundromat, bank, store, terminal or depot, museum or library, park or zoo, school, day care center or homeless shelter, and gymnasium or other place of exercise and recreation. 28 C.F.R. § 36.104. Plaintiff fails to allege or explain in his opposition how any of the defendants are a "public accommodation" within the meaning of the ADA. In addition, plaintiff continues to rest his ADA claim on defendants' failure to list a TTY, TTD or email addresses for hearing disabled customers on the monthly loan statements and correspondence from defendants. Under the governing regulations, plaintiff's ADA claim predicated solely on the failure to list a TTY number cannot stand.

The two additional claims plaintiff raises in the amended complaint are brought under RESPA and the FDCPA. Under RESPA, plaintiff predicates his claim on an alleged failure to make disclosures required under 12 U.S.C. § 2603(b). Because the loan originated in 2004, this claim is time-barred. Moreover, plaintiff has no private right of action under this section. See Lingad v. Indymac Federal Bank, 682 F.Supp.2d 1142, 1141 (E.D. Cal. 2010). Plaintiff also alleges that he made a qualified written request ("QWR") regarding his loan (ECF No. 28 at pp. 43-46) and that defendants did not provide the required information. Under 12 U.S.C. § 2605(e)(1), a servicer must provide information relating to the servicing of the loan upon a qualified written request ("QWR") by the borrower. Requests for information about loan origination and transfer of the loan do not trigger the protections afforded the borrower under section 2605. See MorEquity, Inc. v. Naeem, 118 F.Supp. 2d 885, 901 (N.D. Ill. 2000). Plaintiff's letter does not satisfy the requirements for a QWR in that it does not include a statement of the reasons for the belief of the borrower that the account is in error. 12 U.S.C. § 2605(e)(1)(B). Plaintiff's claims under RESPA are therefore fatally deficient.

With respect to plaintiff's claim under the FDCPA, this cause of action fails because foreclosing on a deed of trust is not "debt collection" within the meaning of the act. See Anaya v. Advisors Lending Group, 2009 WL 2424037, at *9 (E.D. Cal. 2009). Moreover, a servicing company is not a debt collector within the meaning of the FDCPA. See 15 U.S.C. § 1692a(6)(F) (debt collector does not include person who attempts to collect a debt to the extent such activity

6

concerns a debt which was not in default at the time it was obtained by such person).

Also named as defendants in this action are American Pacific Mortgage Corporation DBA American Pacific Funding and Bayview Loan Servicing LLC.[5]  The court finds dismissal of defendant American Pacific Mortgage is warranted and that all claims against defendant Bayview Loan Servicing should be dismissed except for the claim under the FDCPA.  "A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981).  "Such a dismissal may be made without notice where the [plaintiffs] cannot possibly win relief." Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987).  The court's authority in this regard includes sua sponte dismissal as to defendants who have not been served and defendants who have not yet answered or appeared. Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery, 44 F.3d 800, 802 (9th Cir. 1995) ("We have upheld dismissal with prejudice in favor of a party which had not yet appeared, on the basis of facts presented by other defendants which had appeared."); see also Bach v. Mason, 190 F.R.D. 567, 571 (D. Idaho 1999); Ricotta v. California, 4 F. Supp. 2d 961, 978-79 (S.D. Cal. 1998).  The discussion above relating to dismissal of plaintiff's claims under the Real Estate Settlement Procedures Act, the Truth in Lending Act, the Fair Debt Collection Practices Act, Violation of Business and Professions Code § 17200, negligent misrepresentation, fraud and the Americans with Disabilities Act is equally applicable to defendant American Pacific Funding and this defendant should therefore be dismissed.

With respect to defendant Bayview Loan Servicing LLC, the amended complaint names this defendant only in the causes of action brought under TILA and the FDCPA.  The claim under TILA is time-barred.  However, the arguments raised by the moving defendants, i.e. that they are not debt collectors within the meaning of the FDCPA, may not be applicable to defendant

/////

---

[5] In the complaint, this defendant is referred to as "APF." See Amended Complaint, ¶ 2.

Bayview Loan Servicing LLC.[6] A notice of default was recorded March 7, 2008. See ECF No. 28 at p. 28. It appears defendant Bayview Loan Servicing did not take over servicing of the loan until October 2012, after the loan was in default. See ECF No. 28 at p. 22. Because the exclusion under the FDCPA for loan servicers is limited to those situations in which the loan was not in default at the time it was obtained, defendant Bayview Loan Servicing may come within the purview of the statute.[7] See 15 U.S.C. § 1692a(6)(F).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss (ECF No. 29) be granted without leave to amend;

2. Defendant American Pacific Mortgage Corporation DBA American Pacific Funding be dismissed;

3. All claims against defendant Bayview Loan Servicing be dismissed save and except for the claim under the Fair Debt Collection Practices Act.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 13, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 ahmad1331.57

---

[6] The amended complaint was filed March 12, 2013. Plaintiff is cautioned that failure to serve this defendant within 120 days of the filing of the amended complaint may result in a recommendation that the action be dismissed. See Fed. R. Civ. P. 4(m).

[7] The court, by this recommendation, does not mean to suggest that plaintiff has a viable claim under the FDCPA against this defendant. At this stage of the pleadings, however, until this defendant is served and the matter fully briefed, the court recommends that the action be allowed to proceed against defendant Bayview Loan Servicing solely on the FDCPA claim.