UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAEEM AHMAD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTRYWIDE HOME LOANS, INC.<br>et al.,<br><br>　　　　　Defendants. | No. 2:12-cv-1331 MCE CKD PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　The motion to dismiss noticed by defendant Bayview Loan Servicing LLL ("Bayview") came on regularly for hearing September 25, 2013. Plaintiff Naeem Ahmad appeared in propria persona.[1] Andre Chernay appeared for defendant Bayview. Upon review of the documents in support and opposition, upon hearing the arguments of plaintiff and counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

　　　　In this action, plaintiff alleges claims arising out of a purchase money loan for property located in Elk Grove, California. The loan was originated on September 20, 2004. This action was commenced May 17, 2012. By order filed July 25, 2013, all the defendants except Bayview were dismissed; all the claims against defendant Bayview were also dismissed except for the

---

[1] Plaintiff was accompanied by a real-time transcriptionist who provided assistance for plaintiff's hearing impairment.

1

claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.[2]  ECF No. 55.  Defendant Bayview now moves to dismiss.

In considering a motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the pleading in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

Defendant moves to dismiss on the ground that foreclosing on a deed of trust is not "debt collection" activity within the meaning of the act.  It is apparent from plaintiff's opposition that the gravamen of the FDCPA claim contests the right of defendant Bayview to engage in foreclosure activities.  As previously noted in the prior findings and recommendations, plaintiff's FDCPA cause of action predicated on foreclosure activities cannot lie.  See Anaya v. Advisors Lending Group, 2009 WL 2424037, at *9 (E.D. Cal. 2009); Hulse v. Ocwen Federal Bank, FSB, 195 F.Supp.2d 1188, 1204 (D. Or. 2002) (foreclosing on subject property pursuant to a deed of trust is not collection of a debt within the meaning of the FDCPA).

/////

/////

---

[2] The undersigned noted in the findings and recommendations on the motion to dismiss brought by the other defendants that Bayview had not yet been served and that considering the stage of the pleadings, the action be allowed to proceed against defendant Bayview Loan Servicing solely on the FDCPA claim.  ECF No. 43 at 8:26-28, n. 7.

Assuming arguendo that defendant Bayview is subject to the FDCPA because the debt was already in default at the time the loan was taken for servicing,[3] plaintiff also fails to state a claim under the FDCPA for non-foreclosure related activities.  To the extent plaintiff rests his FDCPA claim on defendant's attempts to collect the payments due under the mortgage secured by the deed of trust, plaintiff fails to set forth in the amended complaint or in opposition to the pending motion any unauthorized or unlawful practices undertaken by defendant Bayview.  See, e.g., 15 U.S.C. § 1692f.  Although plaintiff alleges in the third cause of action of the amended complaint that defendant failed to validate the debt, this allegation is belied by the exhibits submitted by plaintiff in support of the amended complaint.  ECF No. 28 at 54 (October 26, 2012 transfer of service notice), 63 (October 30, 2012 debt validation letter) 53 (January 3, 2013 debt validation letter written in response to plaintiff's December 12, 2012 letter).  See 15 U.S.C. § 1692g.  Plaintiff fails to articulate a viable basis for a claim under any provision of the FDCPA.  Because amendment appears futile, the motion to dismiss should be granted with prejudice.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss (ECF No. 49) be granted without leave to amend;

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned

---

[3] A mortgage service company may be liable under the FDCPA if the loan was in default at the time it was taken for servicing.  See 15 U.S.C. § 1692a(6)(F); see also S.Rep. No. 95–382, 95th Cong., 1st Sess. 3, reprinted in 1977 U.S.Code Cong. & Ad.News 1695, 1698 ("Finally, the committee does not intend the definition to cover the activities of trust departments, escrow companies, or other bona fide fiduciaries; the collection of debts, such as mortgages and student loans, by persons who originated such loans; **mortgage service companies and others who service outstanding debts for others, so long as the debts were not in default when taken for servicing**; and the collection of debts owed to a creditor when the collector is holding the receivable account as collateral for commercial credit extended to the creditor.") (emphasis added).  In this case a notice of default was recorded March 7, 2008.  See ECF No. 28 at p. 28. It appears defendant Bayview Loan Servicing did not take over servicing of the loan until October 2012, after the loan was in default.  See ECF No. 28 at p. 22.

"Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 26, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 ahmad1331.57